HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID D. ROUNTRY,<br><br>           Plaintiff,<br><br>   v.<br><br>STATE OF WASHINGTON, MARK B. HOLTHAUS and JANE DOE HOLTHAUS and the marital community thereof,<br><br>           Defendant. | CASE NO. C11-5575RBL<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT<br><br>[DKT. #15] |

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment (Dkt. # 15). Plaintiff David Rountry was stopped by Washington State Patrol Trooper Mark Holthaus for failure to yield. He was ultimately arrested for failure to follow a lawful order and resisting arrest. Rountry sued Holthaus and the State, alleging Constitutional and state law tort claims.

Defendants seek summary judgment, arguing that Holthaus did not violate Rountry's constitutional rights, and that even if he did, he is entitled to qualified immunity. The State also claims that it is not is not subject to suit under §1983, and both Defendants argue that Rountry's state law claims fail as a matter of law. For the reasons below, Defendants' Motion is GRANTED.


## I.  FACTS

With limited exceptions, the facts are undisputed.  On May 29, 2009, Washington State Patrol Trooper Mark Holthaus was travelling eastbound on Mounts Road when Rountry drove his truck across Holthaus' path.  Def.'s Mot. for Summ. J. (Dkt. # 15).  Video from Holthaus' vehicle shows Rountry failed to stop at the intersection, and failed to yield the trooper's right-of-way.  Decl. of Holthaus, Ex. 1, Video at :55 (Dkt. #16); Decl. of Spurling ¶ 10 (Dkt. #18).  Rountry disputes that he failed to yield.  Pl.'s Resp. at 1:23-24. (Dkt. # 19).

Holthaus engaged his vehicle's lights and Rountry pulled to the side of the I-5 onramp.  Decl. of Holthaus, Ex. 1 at 1:05.  Rountry was agitated as Holthaus approached Rountry's truck and informed him that the conversation was being recorded by video and audio.  Decl. of Holthaus ¶¶ 6, 7 (Dkt. # 17).  Holthaus cited Rountry for failing to yield under RCW 46.61.180.  Decl. of Holthaus, Ex. 2.  Holthaus told Rountry that his name and badge number were on the citation if he wanted to make a complaint or challenge the citation.  *Id.* ¶ 9.

As Holthaus walked away, Rountry stepped out of his vehicle and walked toward him.  Decl. of Holthaus, Ex. 1, at 8:05.  Holthaus had his back to Rountry.  *Id*.  Holthaus turned and firmly instructed Rountry to return to his vehicle, which Rountry responded, "You do not need to point your finger at me."  *Id*. at 8:07.  Holthaus repeated his command at least six more times.  Decl. of Miller, Ex. A, Dep of Rountry at 20:15-25; 21:1-9.  Rountry heard the command but remained outside of his vehicle.  *Id*.  After several instructions to return to the truck, Holthaus placed one hand on Rountry's shoulder as to escort him to the vehicle in compliance with Washington State Patrol procedures. Decl. of Holthaus ¶ 13; Decl. of Spurling ¶13.

After a sixth warning to return to the vehicle, Holthaus informed Rountry that he would be placed under arrest if he did not return to the truck.  Decl. of Holthaus ¶ 13.  Rountry did not comply and began to twist his body away.  Decl. of Holthaus ¶ 14.  Although Rountry did not

1  run away or become violent, he continued to twist away from Holthaus, raising his hand over his
2  head as Holthaus pinned Rountry against the truck.  *Id*.  Holthaus placed Rountry in handcuffs,
3  and guided him to the back seat of Holthaus' vehicle.  Decl. of Holthaus, Ex. 1 at 8:25.  Rountry
4  continued to resist the trooper's instructions to sit.  *Id*.  Holthaus read Rountry his *Miranda* rights
5  and waited, with Rountry in the rear of the vehicle, for Rountry's truck to be impounded.  Decl.
6  of Holthaus ¶ 14.

7       As Holthaus drove Rountry to Pierce County Jail, Rountry told him, "I do want you to
8  know that I lost the circulation in my right hand about ten minutes ago." Decl. Holthaus (Ex. 3 at
9  49:30).  This was nearly an hour after the arrest.  *Id*.  However, Rountry told Holthaus to continue
10 and that he could wait to arrive at jail to remove the handcuffs.  *Id*.  Rountry did not notice any
11 markings or blood on his wrists.  Decl. of Miller, Ex. A at 27-28.  Rountry was charged with
12 failing to obey a lawful order and resisting arrest, both misdemeanor offenses.  Decl. of Holthaus
13 ¶ 17.

14      Prior to this traffic stop, Rountry had been pulled over on multiple occasions.  Decl. of
15 Miller, Ex. A at 4.  Rountry knew there was a process to properly challenge a citation, and
16 admits he had never gotten out of his vehicle during previous traffic stops because "it would be
17 unsafe to…get out of a vehicle if there was traffic or…a risk of either causing an accident or
18 being hit by some oncoming vehicle."  *Id*. at 4-7.

19      Rountry claims his wrists and shoulders were injured by the arrest.  *Id*. ¶ 3.12-15.  He
20 claims Holthaus violated his "(1) right to be free from unreasonable and excessive force under
21 the Fourth and Fourteenth Amendments, (2) right to be free from cruel and unusual punishment
22 under the Fifth, Eighth, and Fourteenth Amendments, and (3) right to due process of law under
23 the Fifth and Fourteenth Amendments." Complaint ¶ ¶ 5.1-5.6.  He also asserts state law battery,
24 false arrest, and false imprisonment claims.  *Id*. ¶ ¶ 5.7-5.17.

1     Defendants argue that all of Rountry's claims fail as a matter of law. They stress that
2 Holthaus is entitled to qualified immunity because he committed no constitutional violation, and
3 even if he had, there was no clearly established law to place him on notice that actions violated
4 any rights. Def.'s Mot. for Summ. J. at 8-14. They also argue that Rountry's cruel and unusual
5 punishment, false arrest, battery, and false imprisonment fail as a matter of law. *Id.* at 15-17.

6     Rountry's Response includes a request for further discovery under Fed. R. Civ. P. 56(d)
7 claiming that he needs to depose Holthaus to obtain additional facts. Pl.'s Resp. at 6:1-6.
8 Rountry apparently wants Holthaus to admit that Rountry had minimal prior interaction with law
9 enforcement, and therefore was not a risk to Holthaus.[1] Decl. of Ferrell at 2. Rountry's
10 Response also disputes that he failed to yield or resisted arrest, and claims that the amount of
11 force applied was excessive.

## II.    DISCUSSION

13     Summary judgment is appropriate when, viewing the facts in the light most favorable to
14 the nonmoving party, there is no genuine issue of material fact which would preclude summary
15 judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to
16 summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to
17 interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for
18 trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of
19 evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v.*
20 *Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not
21 affect the outcome of the suit are irrelevant to the consideration of a motion for summary

---

[1] Rountry's request for additional time to conduct discovery under Rule 56(d) is DENIED. The evidence Rountry seeks to obtain would not change the outcome of Defendants' Motion for Summary Judgment.

judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

## A. Holthaus is Entitled to Qualified Immunity

Under the qualified immunity doctrine, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The purpose of the doctrine is to "protect officers from the sometimes 'hazy border' between excessive and acceptable force." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (quoting *Saucier v. Katz*, 533 U.S. 194, 206 (2001)). A two-part test resolves claims of qualified immunity by determining whether plaintiffs have alleged facts that "make out a violation of a constitutional right," and if so, whether the "right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 553 U.S. 223, 232 (2009).[2] Claims should be resolved "at the earliest possible stage in litigation" because qualified immunity protects officers from suit in addition to liability. *Anderson v. Creighton*, 483 U.S. 635, 640 n.2 (1987).

Qualified immunity protects officials "who act in ways they reasonably believe to be lawful." *Garcia v. County of Merced*, 639 F.3d 1206, 1208 (9th Cir. 2011) (quoting *Anderson*, 483 U.S. at 631). The reasonableness inquiry is objective, evaluating 'whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'" *Huff v. City of Burbank*, 632 F.3d 539,

---

[2] In *Pearson*, the Supreme Court reversed its previous mandate from *Saucier* requiring district courts to decide each question in order.

549 (9th Cir. 2011) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)).  Officials are protected from reasonable legal mistakes.  *Saucier*, 533 U.S. at 205.

          1.  <u>Lawful Arrest</u>

Rountry asserts that "Holthaus lacked a basis to seize Mr. Rountry by stopping his vehicle for failure to yield...." and thus, his Fourth Amendment rights were violated.  Pl.'s Resp. at 6:15; 7:4-5.  An "officer may detain [a] person for a reasonable period of time necessary to...complete and issue a notice of traffic infraction."  RCW 46.61.021.  A notice of traffic infraction may be issued for a failure to yield when committed in the officer's presence.  RCW 46.63.030.  A person fails to yield "when two vehicles approach or enter an intersection from different highways at approximately the same time," and the driver to the left does not yield the right-of-way to the vehicle on the right."  RCW 46.61.180.  Holthaus had probable cause because he observed Rountry's failure to yield and immediately initiated the traffic stop.  Decl. of Holthaus ¶ 5; Ex. 1 at 0:55.  Rountry attempts to create an issue of material fact as to whether he failed to yield.  Yet, this is irrelevant.  The issue is not whether Rountry yielded, but if Holthaus violated his constitutional rights when he arrested him.

Rountry was arrested for failure to obey lawful orders and resisting arrest.  It is against the law for any person to "willfully fail or refuse to comply with any lawful order or direction" of a police officer.  RCW 46.61.015(1).  It is a misdemeanor to fail to comply with lawful orders.  RCW 46.61.015(2).  Similarly, it is a misdemeanor to intentionally prevent or attempt to prevent an officer from completing a lawful arrest.  RCW 9A.76.040.  Law enforcement officers may arrest persons who commit misdemeanor offenses.  RCW 10.31.100.  Rountry contends that Holthaus lacked authority to order him to return to his truck, because the traffic citation had been issued and the stop was over. Therefore the arrest was unlawful.  Pl.'s Resp. at 8:1-2.  Rountry claims that absent authority, the arrest violated his Fourth Amendment rights.  *Id*. at 7.

Holthaus' authority to order Rountry to the truck did not end because Rountry had already received the citation. Rountry was given at least six verbal warnings—which he admits he heard and ignored—and was informed that failure to comply with such orders would lead to his arrest. Holthaus issued the orders to control the scene and reduce the risk of injury to himself or Rountry posed by their location on the onramp. *See City of Spokane v. Hays*, 99 Wash. App. 653, 658 (2000); *Penn v. Mimms*, 434 U.S. 106, 111 (1977). Even viewed in the light most favorable to Rountry, the evidence does not support his claim that the arrest violated his Fourth Amendment rights because Holthaus was within his authority to order Rountry to return to his truck, and failure to obey was a misdemeanor offense. Rountry was lawfully arrested.

2. Excessive Force

Rountry also claims that Holthaus violated his constitutional rights by exerting excessive force while making the arrest. Pl.'s Resp. at 9-12 (Dkt. # 19). The reasonableness of force is determined by "carefully balancing the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Deorle v. Rutherford*, 272 F.3d 1272, 1279 (9th Cir. 2001) (citing *Graham*, 490 U.S. at 396). Courts assess the "quantum of force used to arrest" by considering "the type and amount of force inflicted." *Id*. at 1279–80. A court assesses the governmental interests by considering a range of factors, including "the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, whether he was actively resisting arrest or attempting to evade arrest by flight," or any other "exigent circumstances." *Id*.

A court must judge reasonableness "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. Courts must make "allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount

of force that is necessary in a particular situation." *Id.* at 397.  Although the question is "highly fact-specific," the inquiry is objective: a court must ask "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them."  *See Scott v. Harris*, 550 U.S. 372, 383 (2007); *Graham*, 490 U.S. at 397).

Under *Graham*, and viewing the facts in the light most favorable to Rountry, no trier of fact could find that the force used was excessive.  Holthaus' use of force was constitutional because the governmental interests are upheld and the "quantum of force" was reasonable. Although Rountry had committed a minor offense and did not seem to react violently, he did actively evade arrest by twisting away from the officer, and lifting his arms over his head. Rountry ignored six warnings to return to his truck, continued to walk toward Holthaus, and ignored warnings that he would be arrested if he did not comply.  Holthaus applied Washington State Patrol approved techniques to make the arrest. *See* Decl. of Spurling ¶ 17.  Rountry's claim is insufficient when he admits that he lifted his arm above his head and twisted away from Holthaus.  *See* Decl. of Miller, Ex. A at 23-24.  Rountry never voiced a concern of injury, and his resistance only escalated the force used.

Moreover, Holthaus used the amount of force reasonably necessary to effectuate the arrest as a matter of law.  Rountry admits that he was not compliant, and that some force was necessary during arrest him.  He fails to suggest, much less demonstrate, what sufficient lesser amount Holthaus could have applied.  *See* Decl. of Miller, Ex. A at 25.  There is no evidence that the force used was any greater than that required, or that any reasonable officer would know that the force applied was excessive.  Holthaus attempted to place Rountry's hands behind his back, but utilized a "wrist lock" technique and used the truck as leverage to overcome Rountry's resistance.  Decl. of Holthaus ¶ 14.  Holthaus used only techniques approved by the Washington State Patrol and never used a weapon or other device to restrain Rountry.  Decl. of Spurling ¶ 17.

Rountry cannot show that the force used was anything but the minimal amount necessary to effectuate the arrest. Had Holthaus used less force, he would not have arrested Rountry. Holthaus did not violate Rountry's constitutional rights by using excessive force as a matter of law.

Even if Holthaus used excessive force, it was not clearly established at the time of the arrest that the amount of force applied violated Rountry's rights. A clearly established right is sufficiently defined in relation to particular facts such that a reasonable officer would understand the action violates that right. *See Anderson v. Creighton*, 483 U.S. 635, 640 – 42 (1987). Objective reasonableness is met if officers of reasonable competence could disagree on the legality of the action. *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Even if the force Holthaus applied was excessive, it would not be clear to a reasonable officer that Holthaus' conduct was unlawful based upon Rountry's resistance to the verbal commands and arrest.

Viewing the facts in the light most favorable to Rountry, Holthaus did not violate any constitutional right. Even if he did, it was not clearly established at the time of the arrest. Therefore, Holthaus is entitled to qualified immunity. Defendants' Motion for Summary Judgment on this claim is GRANTED and Plaintiff's claim is DISMISSED with prejudice.

### 3. Qualified Immunity from State Law Claims

Rountry alleges claims against Holthaus for false arrest, battery, and false imprisonment. Under Washington law, "qualified immunity from liability for false arrest and imprisonment" extends to officers who carry out a statutory duty, according to procedures dictated to him by statute and superiors, and acts reasonably." *Staats v. Brown*, 139 Wash.2d 757 (2000) (citing *Guffey v. State*, 103 Wash.2d 144 (1984). The evidence, viewed in the light most favorable to Rountry, demonstrates that Holthaus carried out his statutory duty according to the procedures of the Washington State Patrol. Holthaus used approved techniques to effectuate the arrest, and

was in accord with the statutory duty to arrest a person for committing two misdemeanor offenses.  Because Holthaus' actions meet the test set forth in *Guffey*, Holthaus is entitled to qualified immunity.  Defendants' motion for summary judgment on Rountry's claims for battery, false arrest and false imprisonment is GRANTED.

**B.  Rountry's Remaining Claims for Civil Rights Violations**

Rountry also alleges that Holthaus violated his rights under the Fifth, Eight, and Fourteenth Amendments to be free from cruel and unusual punishment, and violated his due process rights. Pl.'s Compl. ¶5.2  Claims arising under § 1983 arising "in the context of an arrest … is more properly characterized as one invoking the protections of the Fourth Amendment…" *Graham,* 490 U.S. at 394.  "[*A*]*ll* claims that law enforcement officers have used excessive force …in the course of an arrest…should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather under a 'substantive due process' approach." *Id*. at 395.  Rountry's claims fail because they must be analyzed under the Fourth Amendment.  As discussed above, Holthaus is entitled to qualified immunity.  Thus, Rountry's claims of cruel and unusual punishment and violation of his due process rights fail as a matter of law.  Summary judgment is GRANTED and Rountry's claims are DISMISSED with prejudice.

**C.  Claims Against State of Washington**

The Eleventh Amendment to the United States Constitution bars a person from suing a state in federal court without the state's consent. *See Seminole Tribe of Florida v. Florida*, 116 S.Ct. 1114, 1131 (1996); *Natural Resources Defense Council v. California Dep't of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996).  Eleventh Amendment immunity extends to state agencies. *Pennhurst State Sch. & Hosp. v. Holdeman*, 465 U.S. 89, 101-102 (1984).  Washington has not waived immunity from § 1983 suits in Federal court. *McConnell v. Critchlow*, 661 F.2d 116, 117 (9th Cir. 1981), citing *Skokomish Indian Tribe v. France*, 269 F.2d 555, 561 (9th Cir.

1959). Additionally, states are not persons for subject to suit under § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State* Police, 49 U.S. 58, 71 (1989). Accordingly, Rountry cannot sue the State of Washington for a § 1983 damages claim. Defendant's Motion for Summary Judgment on this claim is GRANTED and Rountry's claims are DISMISSED with prejudice.

### III. CONCLUSION

Defendants' Motion for Summary Judgment (Dkt. # 15) is GRANTED and all of Plaintiff's claims are DISMISSED with prejudice.

IT IS SO ORDERED.

Dated this 12th day of September, 2012.

_____

Ronald B. Leighton
United States District Judge